1  **JOSEPH FOX, Bar No. 57036**
   **MARY M. HOWELL, Bar No. 71272**
2  **CARRIE M. TIMKO, Bar No. 238268**
   **EPSTEN GRINNELL & HOWELL APC**
3  **9980 Carroll Canyon Rd., Suite 200**
   **San Diego, California  92131**
4  **(858) 527-0111/ Fax (858) 527-1531**
   **jfox@epsten.com; mhowell@epsten.com;**
5  **ctimko@epsten.com**

6  **Attorneys for** Defendants FRITZ NEUMANN
   (erroneously sued herein as "Fritz Newman") dba
7  EL CAMINO 76 MOBILE ESTATES; G.N.
   SELLERS III, dba N.A.P. CONSULTING, INC.;
8  and ADELE TEAL

9              **UNITED STATES DISTRICT COURT**

10             **SOUTHERN DISTRICT OF CALIFORNIA**

11

12  PEDRO RAMOS, CATALINA B.                   CASE NO.  08 CV 0026 JM JMA
    RAMOS, as an individual and as
13  Guardian Ad Litem for K.R., minor, THE     Assigned for all purposes to:
    FAIR HOUSING COUNSEL OF SAN                Judge Jeffrey T. Miller, Ctrm 16
14  DIEGO, INC.,                               Magistrate Judge Jan M. Adler, Ctrm D

15             Plaintiffs,                     **ANSWER TO COMPLAINT FOR**
                                               **MONETARY, DECLARATORY, AND**
16       v.                                    **INJUNCTIVE RELIEF; AND DEMAND**
                                               **FOR TRIAL BY JURY**
17  FRITZ NEWMAN dba EL CAMINO 76
    MOBILE ESTATES; G.N. SELLERS III,          Complaint Filed:    January 4, 2008
18  dba N.A.P. CONSULTING, INC.; and           Trial Date:         None set
    ADELE TEAL,
19
               Defendants.
20

21       Defendants FRITZ NEUMANN (erroneously sued herein as "Fritz Newman")

22  dba EL CAMINO MOBILE ESTATES; G.N. SELLERS III, dba N.A.P.

23  CONSULTING, INC.; and ADELE TEAL, answer the Complaint filed by Plaintiffs

24  herein as follows:

25                    **I.    INTRODUCTION**

26       1.    In response to Paragraph 1 of Plaintiffs' Complaint, these Defendants

27  expressly deny that they have in the past, and presently are, engaging in discriminatory

28  practices against individuals with disabilities, as alleged in the Complaint.

1

## II.    JURISDICTION AND VENUE

2    2.    Answering the allegations of Paragraphs 2 and 3 of the Complaint,

3 Defendants admit that actions based on California Government Code Section 12989.1

4 and 42 U.S.C. Section 3613 are subject to federal jurisdiction, and that venue for such

5 actions could arise in the Judicial District of the United States District Court of the

6 Southern District of California in accordance with 28 U.S.C. § 1391(b).   Defendants

7 lack information or belief sufficient to permit them to admit that the allegations of this

8 lawsuit would confer jurisdiction to the federal court, and on that basis deny that the

9 federal court is the proper venue for this matter. Answering the allegations of

10 Paragraph 2 of the Complaint, Defendants admit that actions based on California

11 Government Code Section 12989.1 and 42 U.S.C. Section 3613 are subject to federal

12 jurisdiction, and that venue for such actions could arise in the Judicial District of the

13 United States District Court of the Southern District of California in accordance with 28

14 U.S.C. § 1391(b).   Defendants lack information or belief sufficient to permit them to

15 admit that the allegations of this lawsuit would confer jurisdiction to the federal court,

16 and on that basis deny that the federal court is the proper venue for this matter.

17    3.    Answering the allegations of Paragraph 3 of the Complaint, Defendants

18 admit that venue is proper in San Diego County, California.

19

## III.    PARTIES

20    4.    Answering the allegations of Paragraph 4 of the Complaint, Defendants

21 admit that Plaintiffs Pedro Ramos and Catalina S. Ramos (collectively referred to

22 herein as "the Ramos Plaintiffs") are the owners of the mobile home located on Lot 57

23 in El Camino 76 Mobile Estates.  The Ramos Plaintiffs lease the land from Defendant

24 Fritz Neumann (hereinafter "Neumann"). Answering the remainder of the allegations

25 of Paragraph 4 of the Complaint, Defendants admit the Ramos Plaintiffs are parents

26 of K.R., a minor.

27    5.    Answering the allegations of Paragraph 5 of the Complaint, Defendants

28 lack information or belief sufficient to permit them to respond to the allegations of said

**ANSWER TO COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF**

520299v3

1 | Paragraph, and based thereon, deny each and every allegation contained therein.

2 |     6.     Answering the allegations of Paragraph 6 of the Complaint, Defendants
3 | lack information or belief sufficient to permit them to respond to the allegations of said
4 | Paragraph, and based thereon, deny each and every allegation contained therein.

5 |     7.     Answering the allegations of Paragraph 7 of the Complaint, Defendant
6 | Neumann, admits he is an individual doing business in San Diego County as
7 | "El Camino 76 Mobile Estates", and that he is the owner and operator of the mobile
8 | home park known as El Camino 76 Mobile Estates (hereinafter "Park").

9 |     8.     Answering the allegations of Paragraph 8 of the Complaint, Defendant
10 | G.N. Sellers III (hereinafter "Sellers") admits he is a director and the President of
11 | N.A.P. Consulting Inc., a California Corporation, (hereinafter "N.A.P."), and admits
12 | N.A.P. is the management company hired by Defendant Neumann to manage the
13 | Park from January 1, 2007 to the present date.

14 |     9.     Answering the allegations of Paragraph 9 of the Complaint, Defendant
15 | Adele Teal (hereinafter "Teal") admits she was hired to manage the Park, and at all
16 | times mentioned herein she was and is an employee of the former management
17 | company, Hawkeye Management, and the current management company, N.A.P.,
18 | and at all times relevant herein was acting within the course and scope of that agency
19 | and employment.

20 |                                        **IV FACTS**

21 |     10.     Answering the allegations of Paragraph 10 of the Complaint, Defendant
22 | Teal admits the Ramos Plaintiffs moved into the Park in approximately 1999.
23 | Defendants Neumann and Teal admit that Teal has several family members who also
24 | reside in the Park.  Defendant Neumann lacks information or belief sufficient to permit
25 | him to respond to the remainder of the allegations in Paragraph 10, and based
26 | thereon, denies the allegations contained therein.  Defendant Teal specifically denies
27 | the allegations in Paragraph 10 which state she tried to purchase the mobile home the
28 | Ramos Plaintiffs wanted. Defendant Teal denies she was disappointed the Ramos

**ANSWER TO COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF**

520299v3

1 | Plaintiffs were able to buy the mobile home on Lot 57. Defendant N.A.P. was not the

2 | management company during the time period referred to in this paragraph and,

3 | therefore, lacks information or belief sufficient to permit it and Defendant Sellers to

4 | respond to the allegations in said Paragraph, and based thereon, deny the allegations

5 | contained therein.

6 |     11.    Answering the allegations of Paragraph 11 of the Complaint, Defendant

7 | Teal admits the Ramos Plaintiffs, sometime in 2005, had a trampoline erected next to

8 | their mobile home, and it was erected on a section of Park property in a wooden

9 | picket fence that did not fully enclosed the trampoline, and had no safety enclosure.

10 | As for the remainder of Paragraph 11 of the Complaint, Defendants Neumann and

11 | Teal lack information or belief sufficient to permit them to respond to the remainder of

12 | the allegations in said Paragraph, and based thereon, deny the remainder of the

13 | allegations contained therein.    Defendants Sellers and N.A.P were not the

14 | management company during the time period referred to in this paragraph and,

15 | therefore, lack information or belief sufficient to permit them to respond to the

16 | allegations in said Paragraph, and based thereon, deny the allegations contained

17 | therein.

18 |     12.    Answering the allegations of Paragraph 12 of the Complaint, Defendants

19 | admit that in 2005, the Ramos Plaintiffs purchased an upgraded mobile home to

20 | replace their older mobile home in the Park. Defendant Neumann lacks information or

21 | belief sufficient to permit him to respond to the allegations in the remainder of said

22 | Paragraph, and based thereon, denies the remainder of the allegations contained

23 | therein. In response to the allegations that Defendant Teal refused to rent a mobile

24 | home to Ramos for two months, Defendant Teal states her supervisor, Terry Catalano

25 | of Hawkeye Management, told her the Park could not rent the mobile home out for

26 | two months. Defendant Teal admits she told the Ramos Plaintiffs they could not park

27 | a Recreational Vehicle on their lot during the two months. The Park's Rules and

28 | Regulations do not allow lessees to park Recreational Vehicles on their lot. Defendant

**ANSWER TO COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF**

520299v3

1   Teal admits she suggested to Ramos they should find an apartment somewhere else

2   during the time their home was being replaced. Defendants Sellers and N.A.P were

3   not the management company during the time period referred to in this paragraph

4   and, therefore, lack information or belief sufficient to permit them to respond to the

5   allegations in said Paragraph, and based thereon, deny the allegations contained

6   therein.

7        13.    Answering the allegations of Paragraph 13 of the Complaint, Defendant

8   Teal admits yellow caution tape was placed around the lot to keep unauthorized

9   persons off the lot. Defendant Teal denies she ignored any questions posed to her by

10   Ramos and she told them the tape was to keep the children off the lot. Defendants

11   Neumann and Teal were not privy to the Ramos Plaintiffs' conversations with the City

12   of Oceanside and, therefore, lack the requisite information or belief sufficient to permit

13   them to respond to the allegations in said paragraph concerning Ramos'

14   conversations with the City of Oceanside, and based thereon, denies the allegations

15   contained therein. Defendant Teal admits the inspector for the City of Oceanside told

16   her the Ramos Plaintiffs did not vacate the property. Defendants Sellers and N.A.P.

17   were not the management company during the time period referred to in this

18   paragraph and, therefore, lack information or belief sufficient to permit them to

19   respond to the allegations in said Paragraph, and based thereon, deny the allegations

20   contained therein.

21        14.    Answering the allegations of Paragraph 14 of the Complaint, Defendants

22   Neumann and Teal admit that in 2005 the management company poured concrete on the

23   section of the Park property between the Ramos' lot and the recreational facility.

24   Defendants Neumann and Teal state the 6 foot strip between Lot 57 and the basketball

25   court is, and at all times mentioned herein was, owned by Park. The former lessee

26   asked. Neumann in 1991 if she could tear down the barrier wall between Lot 57 and the

27   basketball court so she could put her bar-b-que grill on that section of land. The former

28   lessee stated she would maintain the strip. Neumann granted the former lessee

**ANSWER TO COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF**

520299v3

1   permission to tear down the wall and to use the strip. The Ramos Plaintiffs never
2   maintained the area. The Park employees do so and they cut the grass, removed rocks,
3   etc. The Ramos Plaintiffs installed the trampoline on the area with the Park's knowledge
4   without the Park's objection. Defendants Neumann and Teal lack information or belief
5   sufficient to permit them to respond to the allegations in the Paragraph concerning the
6   Ramos Plaintiffs' conversation with Terry Catalano, and the former management
7   company, Hawkeye Management, and based thereon, deny the remainder of the
8   allegations contained therein. Defendants Sellers and N.A.P. were not the management
9   company during the time period referred to in this paragraph and, therefore, lack
10  information or belief sufficient to permit them to respond to the allegations in said
11  Paragraph, and based thereon, deny the allegations contained therein.

12          15.    Answering the allegations of Paragraph 15 of the Complaint, Defendant
13  Teal specifically denies she did not provide the Ramos Plaintiffs with a new lease in
14  an attempt to prevent them from moving back into their mobile home. As stated in the
15  remainder in the paragraph, the Ramos Plaintiffs' tenancy was still under the 1999
16  lease and they could move into their new mobile home under that lease. Defendants
17  Neumann and Teal lack information or belief sufficient to permit them to respond to
18  the allegations in the Paragraph concerning the Ramos Plaintiffs' conversation with
19  their realtor, and based thereon, deny the remainder of the allegations contained
20  therein. Defendants Sellers and N.A.P. were not the management company during
21  the time period referred to in this paragraph and, therefore, lack information or belief
22  sufficient to permit them to respond to the allegations in said Paragraph, and based
23  thereon, deny the allegations contained therein.

24          16.    Answering the allegations of Paragraph 16 of the Complaint, Defendants
25  Neumann and Teal herein state the original dimensions of Lot 57 were 45' wide x 69'
26  feet long. The lot lines for Lot 57 were not adjusted. The Ramos Plaintiffs installed
27  the trampoline on the Park's grassy area next to the recreation facility, with the Park's
28  knowledge without the Park's objection. This grassy area was not a part of Lot 57, but

**ANSWER TO COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF**

520299v3

1  a part of the recreational facility.  When the Ramos Plaintiffs removed their home to
2  install a new mobile home, the Park took the opportunity to pave the area with
3  concrete to reduce its expenses to maintain the grass area.  According to the plot plan
4  the Ramos Plaintiffs' lot dimensions was and currently is 45' wide by 69' feet long.
5  Accordingly, Defendants Neumann and Teal herein admit the lot lines were not
6  "revised" back to the original dimensions, there was nothing to correct.  Defendants
7  Sellers and N.A.P. were not the management company during the time period
8  referred to in this paragraph and, therefore, lack information or belief sufficient to
9  permit them to respond to the allegations in said Paragraph, and based thereon, deny
10 the allegations contained therein.

11      17.    Answering the allegations of Paragraph 17 of the Complaint, Defendant
12 Teal admits that in late January 2007 she placed a notice in the Ramos Plaintiffs'
13 mailbox advising the new Park management would be N.A.P. and the notice included
14 a date and time to come and meet the new management company on February 7,
15 2007.   Defendant Sellers denies a majority of the residents attending the noticed
16 meeting were family members of Defendant Teal. Defendants Neumann and Teal lack
17 information or belief sufficient to permit them to respond to the remainder of the
18 allegations in the Paragraph concerning the Ramos Plaintiffs' conversations with
19 Defendant Sellers, and based thereon, deny the remainder of the allegations
20 contained therein.  Defendant Sellers admits that on the date of the noticed meeting
21 and on several occasions after that meeting, when he was in the Park, he spoke with
22 Plaintiff Pedro Ramos during which time said plaintiff advised Sellers he had issues
23 he wanted to talk to Sellers about, but was not specific as to what those issues were.
24 Defendant Sellers admits advising Plaintiff Pedro Ramos they could talk when he was
25 in the Park. However, Sellers has no recollection of giving Plaintiff Pedro Ramos his
26 business card at any time.

27      18.    Answering the allegations of Paragraph 18 of the Complaint, Defendants
28 Neumann and Teal lack information or belief sufficient to permit them to respond to

**ANSWER TO COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF**
520299v3

1  the allegations in the Paragraph concerning Plaintiff Pedro Ramos' conversations with
2  Defendant Sellers, and based thereon, denies the remainder of the allegations
3  contained therein.  Defendant Sellers admits he did not speak with Plaintiff Pedro
4  Ramos. However, Sellers denies Plaintiff Pedro Ramos ever indicated he wanted to
5  speak to him for any specified period of time or that Sellers refused to speak with said
6  Plaintiff. Defendant Sellers has no recollection of telling Plaintiff Pedro Ramos he did
7  not know his schedule in response to questions from said Plaintiff about arranging a
8  meeting to talk. Sellers admits that after N.A.P. became manager of the Park, he was
9  busy acquainting himself with the Park, its files, and other matters, so it was difficult
10  for him to meet with said Plaintiff.  Defendant Sellers lacks information or belief
11  sufficient to permit him to respond to the remaining allegations in Paragraph 18
12  concerning Plaintiff Pedro Ramos' conversations with him, and based thereon, denies
13  the remainder of the allegations contained therein.

14      19.    Answering the allegations of Paragraph 19 of the Complaint, Defendants
15  Neumann and Teal lack information or belief sufficient to permit them to respond to
16  the allegations in the Paragraph concerning Plaintiff Pedro Ramos' conversation with
17  Defendant Sellers, and based thereon, deny the remainder of the allegations
18  contained therein.  Defendant Sellers denies he ever spoke to said Plaintiff in a
19  derisive manner. Defendant Sellers admits he saw said Plaintiff in April 2007 while
20  riding in a golf cart at the Park and admits the remaining allegations of said
21  paragraph.

22      20.    Answering the allegations of Paragraph 20 of the Complaint, Defendants
23  admit Sellers sent a letter dated April 27, 2007 to the Ramos Plaintiffs denying their
24  request to erect a trampoline for use on Space 57.  As of that date, no reasonable
25  accommodation request had been submitted by Ramos.

26      21.    Answering the allegations of Paragraph 21 of the Complaint, Defendants
27  admit receiving the Fair Housing forms dated May 11, 2007 prepared by K.R.'s
28  physician, and the form verified K.R. suffered from autism, obesity and needed

-8-          CASE NO.  08 CV 0026 JM JMA
**ANSWER TO COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF**

1 | exercise to lower stress.

2 |     22.    Answering the allegations of Paragraph 22 of the Complaint, Defendants
3 | admit receiving a letter dated July 10, 2007 from Plaintiff The Fair Housing Council of
4 | San Diego (hereinafter "the Fair Housing Council") requesting reasonable
5 | accommodation on behalf of the Ramos Plaintiffs and the minor child K.R.

6 |     23.    Answering the allegations of Paragraph 23 of the Complaint, Defendants
7 | admit they attended a meeting with Plaintiffs and a tentative agreement was entered
8 | into between the parties, which was memorialized in a writing on August 23, 2007
9 | from the Fair Housing Council.  Defendants admit Plaintiff FAIR HOUSING did not
10 | receive a written response from them regarding the agreement. However, Defendants
11 | contacted Plaintiff FAIR HOUSING and requested a follow-up meeting, which meeting
12 | was held on October 11, 2007 at 10:00 a.m

13 |     24.    Answering the allegations of Paragraph 24 of the Complaint, Defendants
14 | admit a letter dated July 20, 2007 from Defendant Neumann's insurance broker was
15 | provided to the Ramos Plaintiffs. The letter set forth the opinion of the insurance
16 | broker of what might be acceptable to Neumann's insurance company. The letter
17 | stated "should this [the trampoline for use by the Ramos Plaintiffs' daughter] the park
18 | should require that the equipment be fenced and that the tenant provide proof of
19 | personal liability insurance. We will monitor the progress of this situation and advise
20 | the insurance company accordingly." One of the terms of the August 23, 2007
21 | agreement was the Ramos Plaintiffs would provide proof of insurance and erect a
22 | wrought iron fence around Lot 57.  When the denial of the request to install the
23 | trampoline was made on April 27, 2007, there was no fence around the Ramos
24 | Plaintiffs' lot and they had not agreed to provide proof of personal liability insurance.
25 | The Ramos Plaintiffs' lot is next to the Park's clubhouse, pool and basketball court.
26 | Therefore, the potential for other children to use the trampoline on Lot 57 was great
27 | since there was no barrier to keep other children from using the trampoline, thereby,
28 | exposing Neumann and the co-defendants to potential liability should children suffer

520299v3
**ANSWER TO COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF**

1  injury using the trampoline. Defendants were concerned that parents and children in
2  the Park might consider the trampoline as part of the adjacent recreational facility.

3        25.    Answering the allegations of Paragraph 25 of the Complaint, Defendants
4  state the verbal terms entered into by the parties at the July 20, 2007 meeting were
5  memorialized in writing by the Fair Housing Council on August 23, 2007, therefore,
6  Defendants deny the allegation in this paragraph that the agreement was memorialized in
7  writing on July 20, 2007. With regard to the remainder of the allegations contained in this
8  paragraph, Defendants Neumann and Teal state that on September 10, 2007, Neumann
9  asked Teal to schedule an appointment with the Ramos Plaintiffs for September 11, 2007.
10  Plaintiff Catalina B. Ramos refused to meet with Neumann without Plaintiff Fair
11  Housing Counsel Of San Diego, Inc. being present. After the meeting with the Ramos
12  Plaintiffs was concluded on July 20, 2007, Neumann realized the fence would be in
13  violation of Title 25 of the California Code of Regulations (hereinafter "CCR"), governing
14  Mobile Home Parks and Installations, since the utilities would not be accessible.  .
15  Neumann was also concerned about the 12 foot height dimensions of the trampoline
16  enclosure. It was his impression the enclosure would violate the height restrictions in 25
17  CCR 1514, regulating fence heights and location. The Ramos Plaintiffs asked that the
18  meeting be scheduled for the following Monday but Plaintiff Fair Housing Council could not
19  be present. After lengthy discussions the meeting was eventually held on October 11,
20  2007.

21        26.    Answering the allegations of Paragraph 26 of the Complaint, Defendants
22  deny the meeting took place on October 12, 2007. Their records show the meeting
23  took place on October 11, 2007. Defendant Neumann admits he told Plaintiffs if the
24  Ramos Plaintiffs were allowed to put back the trampoline he would have to let other
25  residents in the Park do so as well. Defendant Neumann admits he told Plaintiffs
26  there were better ways for a child to get exercise than using a trampoline and gave
27  Plaintiffs a copy of an article provided to him by Defendant Sellers. Defendant
28  Neumann also admits he told Plaintiffs if the fence was put back the meter reader

**ANSWER TO COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF**

1   would have difficulty reading the meter on the property and it would interfere with
2   emergency personnel being able to shut off the gas to the Ramos' space in case of a
3   fire.   The fence proposed by the Ramos Plaintiffs was to be five feet high and the
4   location where the Ramos Plaintiffs proposed to install it would obstruct the utilities,
5   which is in violation of 25 CCR 1183 and 1220.   Other fences in the Park are smaller
6   barrier fences which people can step over.   The purpose of the second meeting was
7   to come to an understanding regarding the fence.   Neumann was also concerned about
8   the 12 foot height dimensions of the trampoline enclosure.   It was his impression the
9   enclosure would violate the height restrictions in 25 CCR 1514.   However, Plaintiffs
10   terminated the meeting within five minutes after it began.

11          27.   Answering the allegations of Paragraph 27 of the Complaint, Defendants
12   lack information or belief sufficient to permit them to respond to the allegations in said
13   Paragraph concerning K.R. and Catalina Ramos, and based thereon, deny the
14   allegations contained therein.   However, Defendants state the Ramos plaintiffs
15   removed the trampoline in July or August 2005 when they moved their new mobile
16   home into the Park. The trampoline remained off their space and not useable by K.R.,
17   and the Ramos Plaintiffs made no request of Defendants, or any of them, to set up
18   the trampoline until April 27, 2007. As such K.R. had no use of the trampoline, and the
19   Ramos Plaintiffs never made any requests of Defendants to set it up, for almost 2
20   years.  Defendants specifically deny they are subjecting the Ramos Plaintiffs to
21   selective enforcement concerning issues related to guest parking and their dog
22   running loose.

23          28.   Answering the allegations of Paragraph 28 of the Complaint, Defendants
24   specifically deny they have committed any unlawful acts and practices, and as such
25   deny the Ramos Plaintiffs have suffered any damages. As for the remainder of the
26   allegations concerning the Ramos Plaintiffs' alleged damages, Defendants lack
27   information or belief sufficient to permit them to respond to the allegations in the
28   remainder of said Paragraph, and based thereon, deny the allegations contained

1  therein.

2      29.    Answering the allegations of Paragraph 29 of the Complaint, Defendants
3  admit an actual controversy exists and asks that the Court make a judicial
4  determination as to the rights and duties under Federal and State Fair Housing laws.
5  Both Plaintiffs and Defendants are entitled to declaratory relief.

6      30.    Answering the allegations of Paragraph 30 of the Complaint, Defendants
7  deny they have engaged in unlawful acts and deny they have subjected Plaintiffs to
8  unlawful discrimination.  Accordingly, Plaintiffs are not entitled to injunctive relief as
9  requested in the Complaint.

10     31.    Answering the allegations of Paragraph 31 of the Complaint, Defendants
11 specifically deny they have committed any unlawful acts and practices, and as such
12 deny the Fair Housing Council has suffered any damages as a result of the alleged
13 discriminatory acts. Defendants further deny the alleged isolated incident would affect
14 the Fair Housing Council in its ability to carry out its purpose and its ability to
15 undertake other efforts on behalf of other clients.  Defendants specifically deny the
16 Fair Housing Council is entitled to compensatory damages.

17     32.    Answering the allegations of Paragraph 32 of the Complaint, Defendants
18 specifically deny each and every allegation contained therein.  Defendants specifically
19 deny Plaintiffs are entitled to recover punitive damages from each Defendant.

20     33.    Answering the allegations of Paragraph 33 of the Complaint, Defendants
21 specifically deny each and every allegation contained therein.

22                    **V. Cause of Action**

23                  **A. First Cause of Action**

24                    **[Fair Housing Act]**

25     34.    Defendants reallege and incorporate by reference each and every
26 response herein as stated in Paragraphs 1 through 33 herein above.

27     35.    Answering the allegations of Paragraph 35 (A) and (B) of the Complaint,
28 Defendants deny each and every allegation contained therein.

1

## B. Second Cause of Action

2

### [Fair Employment and Housing Act]

3       36.    Defendants reallege and incorporate by reference each and every

4  response herein as stated in Paragraphs 1 through 35 herein above.

5       37.    Answering the allegations of Paragraph 37 of the Complaint, Defendants

6  admit the allegation concerning the California Fair Employment and Housing Act

7  speaks for itself but deny Plaintiffs are entitled to any relief under said act.

8       38.    Answering the allegations of Paragraph 38 of the Complaint, Defendants

9  deny each and every allegation contained therein.

10      .  39.    Answering the allegations of Paragraph 39 of the Complaint, Defendants

11  deny each and every allegation contained therein.

12

## C. Third Cause of Action

13

### [Unruh Civil Rights Act –Ramos Plaintiffs and K.R. Plaintiff

14

### Against Defendants Newman and Sellers Only]

15       40.    Defendants reallege and incorporate by reference each and every

16  response herein as stated in Paragraphs 1 through 39 herein above.

17       41.    Answering the allegations of Paragraph 41 of the Complaint, Defendants

18  Neumann and Sellers deny each and every allegation contained therein.

19       42.    Answering the allegations of Paragraph 42 of the Complaint, Defendants

20  Neumann and Sellers deny each and every allegation contained therein.

21       43.    Answering the allegations of Paragraph 43 of the Complaint, Defendants

22  Neumann and Sellers deny each and every allegation contained therein.

23

## D. Fourth Cause of Action

24

### [California Disabilities Act]

25       44.    Defendants reallege and incorporate by reference each and every

26  response herein as stated in Paragraphs 1 through 43 herein above.

27       45.    Answering the allegations of Paragraph 45 of the Complaint, Defendants

28  deny each and every allegation contained therein.

1

## E. Fifth Cause of Action

2

## [Negligence]

3       46.    Defendants reallege and incorporate by reference each and every

4   response herein as stated in Paragraphs 1 through 45 herein above.

5       47.    Answering the allegations of Paragraphs 47 of the Complaint,

6   Defendants deny each and every allegation contained therein [Plaintiffs erroneously

7   labeled 2 paragraphs as # 47.]

8

## F. Sixth Cause of Action

9

## [Violation of the California Unfair Business Practices Statute]

10

## (Cal. Bus & Prof. Code § 17200 et seq.)

11      48.    Defendants reallege and incorporate by reference each and every

12  response herein as stated in Paragraphs 1 through 47 herein above.

13      49.    Answering the allegations of Paragraph 49 of the Complaint, Defendants

14  deny each and every allegation contained therein.

15

## VI RELIEF

16      Answering the allegations in the Prayer of the Complaint, Defendants deny

17  Plaintiffs are entitled to any relief as alleged in the Complaint, deny Defendants

18  violated the provisions of the applicable federal and state fair housing, and therefore

19  specifically deny Plaintiffs are entitled to an award of compensatory and punitive

20  damages, and deny Plaintiffs are entitled to injunctive relief as alleged herein.  Should

21  the Court, and/or the trier of fact, enter a defense verdict than Defendants herein

22  request an award of their attorney's fees and costs as the prevailing party.

23

## AFFIRMATIVE DEFENSES

24      Defendants also allege the following affirmative defenses to the allegations

25  raised in the Complaint.

26

## FIRST AFFIRMATIVE DEFENSE

27      Defendants allege that the Complaint, and each and every cause of action

28  contained therein, fails to state facts sufficient to constitute a cause of action against

1  Defendants.

2  ### SECOND AFFIRMATIVE DEFENSE

3  Plaintiffs' Complaint is barred by applicable statutes of limitation to be set forth

4  with more particularity as discovery proceeds.

5  ### THIRD AFFIRMATIVE DEFENSE

6  Some or all of Plaintiffs' causes of action are barred by the Doctrine of Laches.

7  ### FOURTH AFFIRMATIVE DEFENSE

8  Defendants are informed and believe and thereon allege the losses, damages,

9  injuries and/or violations alleged by Plaintiffs, if any, were directly or proximately

10  caused by conduct, acts and/or omissions of other third parties and other

11  circumstances over which Defendants had or have no control, barring Plaintiffs from

12  recovering on their claims against Defendants, or alternatively, Defendants' liability, if

13  any, is only in direct proportion to the extent of the comparative fault of all other

14  unknown third parties.

15  ### FIFTH AFFIRMATIVE DEFENSE

16  Plaintiffs have not been denied an equal opportunity to use and enjoy the

17  premises.

18  ### SIXTH AFFIRMATIVE DEFENSE

19  Defendants have fulfilled their obligations, if any, to reasonably accommodate

20  Plaintiffs' disabilities.

21  ### SEVENTH AFFIRMATIVE DEFENSE

22  The installation of the trampoline without a barrier fence would pose a

23  significant threat to the health and safety of the public at large.  The barrier fence

24  proposed by Plaintiffs would be in violation of 25 CCR 1514, 1183, and 1220.

25  ### EIGHTH AFFIRMATIVE DEFENSE

26  Defendants allege they did not breach their fiduciary duty to Plaintiffs, and any

27  alleged act or omission performed was in good faith and was not willful, wanton, or

28  grossly negligent.

1                          **NINTH AFFIRMATIVE DEFENSE**

2        Defendants allege they have performed all conditions, covenants, and

3 promises as required on their part to be performed in accordance with the terms and

4 conditions of the Park's governing documents.

5                          **TENTH AFFIRMATIVE DEFENSE**

6        Defendants allege the Complaint, and each and every cause of action stated

7 therein, is barred by the Business Judgment Rule and the Business Deference Rule set

8 forth in *Lamden v. La Jolla Shores Clubdominium Assn.*, (1999) 21 Cal.4th 249.

9                     **ELEVENTH AFFIRMATIVE DEFENSE**

10      Defendants are informed and believe, and thereon allege, Plaintiffs failed to

11 name indispensable and/or necessary parties to this action. [FRCP 19]

12                     **TWELFTH AFFIRMATIVE DEFENSE**

13      Defendants have denied and do deny Plaintiffs have suffered any damage as

14 result of any action, conduct, error, or omission on the part of Defendants or any of

15 their agents, servants, officers, employees, or representatives as alleged in the

16 Complaint. In addition, Defendants are informed and believe and thereon allege that

17 any damages claimed to have been suffered by Plaintiffs are speculative in nature,

18 and therefore are not recoverable.

19                 **THIRTEENTH AFFIRMATIVE DEFENSE**

20      Defendants reserve the right to raise additional affirmative defenses and to

21 seek leave of Court to amend the answer pursuant to FRCP 15(a) and 15(b).

22 Defendants lack sufficient information to form a belief as to whether they have

23 additional, as yet unstated, affirmative defenses, and reserve the right to assert such

24 defenses in the event that discovery indicates an additional defense is appropriate.

25                                    **PRAYER**

26      WHEREFORE, having fully answered Plaintiffs' Complaint on file, Defendants

27 pray that:

28        1.     Plaintiffs take nothing by way of their Complaint;

1    2.    For reasonable costs of suit incurred herein as allowed by law;

2    3.    For reasonable attorney's fees as allowed by law;

3    4.    For such other and further relief as the Court deems proper.

4    **JURY TRIAL**

5    Defendants request a jury trial in this matter.

6    Dated:  February 19, 2008              EPSTEN GRINNELL & HOWELL, APC

7

8                                          By:  s/JOSEPH FOX
                                                JOSEPH FOX
9                                               MARY M. HOWELL
                                                CARRIE M. TIMKO,
10                                              Attorneys for Defendants
                                                FRITZ NEUMANN (erroneously sued
11                                              herein as "Fritz Newman") dba EL
                                                CAMINO 76 MOBILE ESTATES; G.N.
12                                              SELLERS III, dba N.A.P. CONSULTING,
                                                INC.; and ADELE TEAL
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                    CASE NO.  08 CV 0026 JM JMA
520299v3    **ANSWER TO COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF**