# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO RAMOS; CATALINA B. RAMOS, as an individual and as Guardian Ad Litem for K.R., minor; THE FAIR HOUSING COUNCIL OF SAN DIEGO, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> FRITZ NEWMAN dba EL CAMINO 76 MOBILE ESTATES; G.N. SELLERS, III, dba N.AP. CONSULTING INC; ADELE TEAL, <br><br> Defendants. | CASE NO. 08cv0026 JM(JMA) <br><br> ORDER DENYING MOTION FOR ATTORNEY'S FEES |

Defendants Fritz Newman dba El Camino 76 Mobile Estates; G.N. Sellers III, dba N.A.P. Consulting, Inc., and Adele Teal move for an award of attorney's fees. Plaintiffs Pedro Ramos, Catalina B., Ramos, on her own behalf and as Guardian Ad Litem for K.R., and the Fair Housing Council of San Diego, Inc. oppose the motion. The court specifically incorporates the factual background and analysis of its November 12, 2009 Memorandum of Decision as if fully set forth herein. (Docket No. 67). Pursuant to Local Rule 7.1(d)(1) this matter is appropriate for decision without oral argument.

The parties agree that the standard for an award of attorney's fees to a prevailing defendant in a disability discrimination case is governed by the legal standard set forth in Christiansbug Garment Co. v. EEOC, 434 U.S. 412 (1978). Under this standard, a "plaintiff should not be assessed his

1  opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or
2  groundless, or that the plaintiff continued to litigate after it clearly became so." Id. at 422.

3  Here, the court cannot conclude that Plaintiffs' claims were frivolous or without a basis in law
4  or fact.  Although Defendants ultimately prevailed at the time of trial, Plaintiffs' claims were not so
5  frivolous, unreasonable, or groundless to justify an award of attorney's fees under 42 U.S.C.
6  §3613(c)(2).  Prior to trial, Plaintiffs voluntarily dismissed all claims except the Fair Housing Act
7  ("FHA") claim; and, during trial, Defendants disputed each element of a FHA claim, including
8  whether K.R. suffered from a disability.  While Plaintiffs prevailed on whether K.R. was disabled
9  within the meaning of the FHA, the court ultimately concluded, after considering the entirety of the
10 record, that the accommodation requested was not reasonable under the circumstances.  Viewing the
11 totality of the evidence, the court is not able to conclude that Plaintiffs' claims against the Defendants
12 were frivolous, unreasonable, or groundless.

13 In sum, the motion for attorney's fees is denied.

14 **IT IS SO ORDERED.**

15 DATED: March 18, 2010

16 _____
17 Hon. Jeffrey T. Miller
   United States District Judge

18 cc:         All parties